Opinion by
 

 Arnold, J.,
 

 The School District of Lancaster entered two municipal claims for school taxes for the years 1930 and 1931
 
 [1]
 
 against H. J. Hiemenz and E. F. Hiemenz. On the petition of Teachers Protective Union, a corporation (which succeeded to the Hiemenz title), the court below struck off said claims and the School District appealed.
 

 The municipal claims were filed against the proper parties or owners according to the various deeds registered with the bureau of deed registration of the city.
 

 The correctness of the description is not controverted except in one particular: that the words “on which is erected a three story brick dwelling house known as
 
 No. 116
 
 N. Prince Street . . .” appear therein. (Italics supplied.) Petitioner contends that this is an incorrect description since the deeds in the chain of title recite that the building is
 
 No. 118
 
 N. Prince Street.
 
 [2]
 

 The petition averred a conclusion of law that the municipal claims “are not valid liens ... by reason of the erroneous description in said municipal claims wherein the
 
 premises are described as 116 North Prince
 
 
 *457
 

 Street,
 
 instead of . . . correctly ... as
 
 Wo. 118 Worth Prince
 
 Street....” (Italics supplied.) However, neither in the municipal claims nor in the description of the deeds are the “premises” described as bearing
 
 any
 
 number on North Prince Street. The claim states that there is
 
 erected on the land
 
 described a three story brick dwelling house known as
 
 Wo. 116.
 
 It is not the number of the premises (as a
 
 lot
 
 number would be), but the number of the
 
 house.
 

 H. J. and E. F. Hiemenz acquired the premises in 1928, by deed from George W. Creswell. This deed locates the corner of the lot as a point on North Prince Street which is 158 feet, 6% inches, north from the northwest corner of North Prince and West Orange Streets. Thus the position of the lot in the block is exactly located. The description also stated: “Having thereon erected a 3-story brick office and
 
 apartment
 
 building . . .
 
 Wo. 118
 
 North Prince Street.” (Italics supplied.) All the deeds in the chain of title out of Creswell (except the sheriff’s deed conveying the interest of H. J. and E. F. Hiemenz) carry the same description and refer to a three story brick office and
 
 apartment building Wo. 118
 
 erected on the premises.
 

 We can discover no statute which requires a building to bear a house number. The Third Class City Law, Act of 1931, P. L. 932, Article XXIY, §2403, as amended, 53 P. S. §12198-2403, in clause 19, “Numbering of Buildings,” provides that council shall have the power by ordinance “To require and regulate the numbering of buildings.” At bar counsel stated they knew of no such ordinance, and in its absence a property owner may select and use any house number he desires, so long as no one is injured thereby. Likewise the property owner, in the absence of such legislation, is not required to place
 
 any
 
 number on his house. Without such municipal regulation house numbers are selected by the owner, usually at the instance of the local post office.
 

 
 *458
 
 Therefore in a municipal claim for taxes it is not necessary to state the number of the house erected on the property described. Any house number given in the municipal claim is but an additional identification. Any number that appears on the house may be utilized, and if two numbers are on it, either may be selected. It follows that the averment of the petition that the deeds in the chain of title refer to the building as
 
 No. 118
 
 North Prince Street does not, of itself, invalidate the claim. There is lacking an averment that the number “116” was not on the building at the time the claim was filed.
 

 The opinion of the court below states: “The city directory and the telephone directory list the address of the petitioner as
 
 No. 116
 
 North Prince Street [the same number stated in the municipal claim]
 
 and there is a side entrance to the premises known as No. 116 North Prinee
 
 Street.” (Italics supplied.) Since the court found that the side entrance is
 
 No. 116
 
 North Prince Street, the case was disposed of too summarily. The case ought to be resolved by one inquiry: “Was
 
 No. 116
 
 either alone or in addition to
 
 No. 118,
 
 on the building at the time in question?” If it was, the claim is valid. We will therefore reverse so that testimony may be taken on what seems to be the central issue, i.e., whether
 
 No. 116
 
 appeared on the building in question at the time the liens were filed, with the right of either party to make amendments to the pleadings.
 

 The order of the court below is reversed with a procedendo.
 

 [1]
 

 Respectively filed December 14, 1932, and December 12, 1933.
 

 [2]
 

 Incidentally the petition averred that city, county and school taxes are all assessed as against
 
 116
 
 North Prince Street, i.e. no assessment of the real estate having a building numbered
 
 118
 
 North Prince Street. The city’s water rent account against the petitioner is addressed to
 
 118
 
 North Prince Street.